UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS KEVIN JENKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:24-cv-00233 (UNA) ) ) |
| PRINCE GEORGES COUNTY POLICE DEPARTMENT, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"). The court grants plaintiff's IFP application and, for the reasons discussed below, it dismisses the complaint, and this matter, without prejudice.

Plaintiff, who resides in the District of Columbia, sues the Prince George County Police Department, District 4, located in Oxon Hill, Maryland. Compl. at 1. The complaint is rambling and difficult to follow, containing a hodgepodge of grievances arising from criminal investigations, and ensuing state and federal charges brought against plaintiff, in Maryland state and federal courts. *See id*. at 3–6. Plaintiff contends that defendant "in cohort with . . . a contingent of people[,]" affiliated with many "counties and states" conspired in a "quest to incarcerate" him. *See id.* at 3–4. These "cohorts" allegedly include unnamed parties in Queen Anne's County, Maryland, Charles County, Maryland, and Dover, Delaware. *See id.* He cites broadly to his constitutional rights, *see id*. at 2, 6, alleging that defendant and these unidentified bad actors "orchestrated a powerful deception of events . . . making material and untruthful fictitious statements [i]n furtherance to dupe the state and disrespecting the dignity of the people of the

state[,]" *see id.* at 3. He also vaguely inventories a laundry list of alleged "unjust practices[,]" including: an attempted mercury poisoning as a police interrogation tactic; "falsified" and "fake warrants;" theft of his property from a Maryland storage facility, and; theft of his motor vehicles. *See id*. at 3–6. He demands $900,000 in damages. *Id*. at 7.

Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls squarely within this category. Furthermore, the complaint paragraphs are conflated and are not limited "to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

Assuming *arguendo* plaintiff had properly stated a claim, he has also failed to establish venue in this District. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a). Here, the sole defendant is located in Maryland,

and the bulk of the alleged actions giving rise to plaintiff's claims, to the extent they can be understood, also occurred in Maryland.

      For these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: April 17, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge